# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**57128097**
(Inmate Number)

**Paul Peraza**
(Name of Plaintiff)

**P.O. Box 1000**
(Address of Plaintiff)

**Lewisburg, PA. 17837**

vs.

**Thomas Cain**
**Harrell Watts**
**J.L. Norwood**
(Names of Defendants) See attachment

**3:12-cv-376**
(Case Number)

COMPLAINT

FILED
SCRANTON
FEB 28 2012
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

TO BE FILED UNDER: ____ 42 U.S.C. § 1983 - STATE OFFICIALS
                     _X_ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned: **N/A**

   _____

   _____

   _____

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
      _X_ Yes  ___ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      _X_ Yes  ___ No

      If your answer is no, explain why not _____

      _____

   C. Is the grievance process completed? _X_ Yes  ___ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _Thomas Cain_ is employed as _Acting Director_ at _Federal Bureau of Prisons_

B. Additional defendants _Harrell Watts, National Appeals Administrator, F-BoP; J.L. Norwood, Regional Director, Northeast Region F-BoP; Warden, Warden, USP Canaan; Captain, Captain, USP Canaan; Burning, Lieutenant,_ see Attached

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. This is a brief summery of what happened to plaintiff at USP Canaan, and the obstruction of the Administrative Remedy Process that ammounted to a Civil Rights Conspiricy to cover-up staff misconduct. Plaintiff can not be more detailed in this filing because of the

2. limited space on the complaint form and the 3 page limitation on Attachments placed on plaintiff via the cover sheet attached to this complaint. Plaintiff will submit a ammended complaint with complete factual detail and proper statements of his cause of action once this case is activated.

3. On or about 5-11-11 Defendants Burning, Dominick, Burns, Schwartz, Moran, and Seana assaulted, conspired to assault, and/or failed to prevent or stop the

See Attached

2

V.   Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. I demand a jury trial
2. Plaintiff respectfully seeks:
    (a) Compensatory damages, jointly and severally aghenst the defendants in the ammount of $2,500,000 (two million five hundred thousand)
    (b) Puntitive damages jointly and severally amongst Defendants Cain; Watts; Norwood; Warden; and Captain in the ammount of $2,500,000 (two million five hundred thousand)

    (c) Puntitive damages jointly and severally amongst Defendants Kaiser; Burning; Sudul; Lieutenant (1); Lieutenant (2); Lynsey; Bigart; Renda; Psychology Representitive; Escort Officer (1); see Atached

Signed this __22__ day of __February__, 2012.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__2/22/12__                    _____
(Date)                         (Signature of Plaintiff)

Defendants

Warden, (Name unknown to me at this time); Kaiser; Captain, (Name unknown to me at this time); Burning; Sudul; Lieutenant (1), (Name unknown to me at this time); Lieutenant (2), (Name unknown to me at this time); Lynsey; Bigart; Renda; Psychology Representitive, (Name unknown to me at this time); Escort Officer (1), (Name unknown to me at this time); Escort Officer (2), (Name unknown to me at this time); Dominick; Burns; Schwartz; Moran; Seana; Jenkens; Pelacano: Defendants

### III Defendants B.

USP Canaan; Sudul, Lieutenant, USP Canaan; Lieutenant (1), Lieutenant, USP Canaan; Lieutenant (2), Lieutenant, USP Canaan; Lynsey, Unit Manager, USP Canaan; Bigart, Case Manager, USP Canaan; Renda, Discipline Hearing Officer, USP Canaan; Kaiser, P.A., USP Canaan; Psychology Representitive, Psychology, USP Canaan; Escort Officer (1), Officer, USP Canaan; Escort Officer (2), Officer, USP Canaan; Dominick, Officer, USP Canaan; Burns, Officer, USP Canaan; Schwartz, Officer, USP Canaan; Moran, Officer, USP Canaan; Seana, Officer, USP Canaan; Jenkens, Officer, USP Canaan; Pelacano, Officer, USP Canaan

### IV Statement of Claim

the assault on plaintiff by the above mentioned Defendants resulting in the plaintiff being terrorized, sexually fondled, and subjected to a bone deep gash on his forehead, along with a sprained ankle and other various bruises. After the plaintiff was assaulted by staff Defendants P.A. Kaiser, Escort Guard (1), and Escort Guard (2) failed to report what the plaintiff had told them about the unprovoked assault by SHU (Special Housing Unit) staff. On or about 5-12-11 Defendants Pelacano and Sudul forced the plaintiff and another inmate to physically fight in a locked cell putting the plaintiff's life and safety in danger. On or about 5-17-11 Defendants Psychology Representitive, Burning, and Schwartz attempted to prevent plaintiff from reporting sexual and physical assault

(1)

From 5-11-11 through intimidation and misdirection. On or about 5-23-11 Plaintiff became aware that Defendants Jenkens and Schwartz had spread a rumor that plaintiff was a "Child Molester" putting plaintiffs life and health in danger. On or about 5-31-11 Defendants Renda, and Bigart conspired to impede the investigation and cover-up staff misconduct of 5-11-11 through false reports before, during, and after the plaintiffs Diciplinary hearing on incidents of 5-11-11 and 5-12-11. On or about 6-7-11 Defendants Sudul, and Schwartz forced the plaintiff and another inmate to physically fight in a locked cell putting the plaintiffs life and safety in danger. Later that day plaintiff reported this abuse by staff to Defendant Kaiser and Defendant refused to report the abuse thereby obstructing the investigation into staff misconduct. On or about 7-4-11 Defendant Schwartz conspired to, and facilitated a assault to the plaintiff by two inmates in a recreation cage by telling the inmates that the plaintiff was a "Child Molester" then assigning plaintiff to their cage. This resulted in the plaintiff being terrorized, losing conshesness, and suffering severe bruising and swelling along with deep facial tissue damage. Later that day Defendants Lieutenant (1), and Lieutenant (2) obstructed the investigation into the malicious, and possibly criminal staff misconduct by not reporting what the plaintiff told them about the actions of Defendant Schwartz. On or about 7-13-11 or 7-20-11 plaintiff handed a "Sensitive BP-9" (Administrative Remedy bypassing prison Administration for safety reasons) to Defendant Lynsey to place in the mail (Legal Mail). The Defendant purposefully failed to properly post the "Sensitive-9" in order to deliberatly obstruct the investigation into, and cover-up staffs misconduct. Defendants Warden, and Captain were fully aware of the staff misconduct in the USP Canaan SHU, and did nothing to stop or punish said staff, and their failure to meaningfully address the misconduct

(2)

constitutes reckless disreguard and deliberate indifference to the plaintiffs safety and resulted in him being assaulted by staff and inmates. Through inmate Requests for Administrative Remedy on these, and other, incidents Defendants Cain, Watts, and Norwood were aware of the staff misconduct at USP Canaan and their failure to meaningfully address the misconduct constitutes reckless disreguard and deliberate indifference to the plaintiffs safety and resulted in him being assaulted by staff and inmates. The actions of all Defendants herein constitute a 1. failure to Protect, 2. Civil Rights Conspiricy, 3. deliberate indifference, 4. Obstruction of plaintiffs First Ammendment right to seek a redress of grievances, and 5. reckless disreguard for plaintiffs safety. In addition the actions of Defendants Cain, Watts, Norwood, Warden, and Captain also constitute a 6. failure to train and dicipline.

## V Relief

Escort Officer (2); Dominick; Burns; Schwartz; Moran; Seana; Jenkens; Pelacano in the ammount of $5,000,000 (Five million)

3. Grant injunctive relief in the form of ordering the Federal Bureau of Prisons to send plaintiff to a medium security institution for the remainder of his sentence to preserve his safety.

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

## COVER SHEET

**THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.**

*************************************************************************

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.**

*************************************************************************

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $350.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. Check here if you are submitting the filing fee with the complaint form. ____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court.</u> Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. ☒

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

Inmate Name: Paul Peraza
Register Number: 57126-097
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

NOTES ENCLOSED

RECEIVED
SCRANTON
FEB 2R 2012
MARIA D'ANDREA, CLERK
Per _____ DEPUTY CLERK

Office of the Clerk
United States District Court
William J. Nealon Fed. Bldg. & US. Courthouse
235 North Washington Ave.
P.O. Box 1148
Scranton, PA 18501-1148

U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA 17837
DATE _____
THE ENCLOSED LETTER WAS PROCE[SSED]
SPECIAL MAILING PROCEDURES FOR
YOU. THE LETTER HAS BEEN NEITHE[R]
INSPECTED. IF THE WRITER RAISES
PROBLEM OVER WHICH THIS FACIL[ITY]
DICTION, YOU MAY WISH TO RETURN
FOR FURTHER INFORMATION OR CL[ARIFICATION]
IF THE WRITER ENCLOSES CORRESP[ONDENCE]
ENCLOSURE TO THE ABOVE

Special Mail